**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

**CASE NO:**

PABLO ARIAS,

    Plaintiff,

v.

HAMMERHEAD TERMITE CONTROL, INC.,
a Florida for-profit corporation, and
MARK WEINBERG, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, PABLO ARIAS ("ARIAS"), pursuant to *29 U.S.C. § 216(b),* files the following Complaint for Damages and Demand for Jury Trial against Defendants, HAMMERHEAD TERMITE CONTROL, INC., ("HTCI"), and MARK WEINBERG, ("WEINBERG"), individually (collectively referred to hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises as a collective action for claims arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of his employment with Defendants.

**PARTIES**

2. During all times material hereto, Plaintiff, ARIAS, was a resident of Monroe County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, HTCI, was a Florida for-profit corporation located and transacting business within the Florida Keys, within the jurisdiction of this Honorable Court.

4. HTCI is headquartered and operates its principal location at 30385 Quail Roost Trail, Big Pine Key, Florida 33043.

5. Defendant, HTCI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant, WEINBERG, was a resident of the Southern District of Florida, owner of the Defendant company, and Plaintiff's supervisor while Plaintiff worked for the Defendant company.

7. During all times material hereto, Defendant, WEINBERG, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, HTCI, during the relevant time period.

8. Defendant, WEINBERG, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

9. All acts and omissions giving rise to this dispute took place within the Florida Keys, which falls within the jurisdiction of this Honorable Court.

10. Defendant, HTCI, is authorized to do business in the State of Florida, including Monroe County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant, HTCI, provides termite control and fumigation services throughout the Florida Keys, and has been operating in Monroe County, Florida since at least 2002.

13. According to its own website, HTCI holds itself out to the community as follows:

> Since 2002, Hammerhead Termite Control has been working hard to help homeowners and businesses fight back against termite infestations. When termites have invaded your property, routine pest control simply won't cut it. You require tent fumigation in the Florida Keys. Over the past two decades, our talented tent fumigations specialists have become the best name in the game, providing complete termite control for clients located from Marathon to Key West. Not only are we the tea to trust, but we are also locally owned, which means we treat you like the valued customer you are--not some number to crunch.

*See* https://www.tentfumigation.net.

14. HTCI employs individuals like Plaintiff to drive to locations throughout the Florida Keys, and prepare and fumigate residential and commercial properties of all different sizes.

## FLSA COVERAGE

15. Defendant, HTCI, is covered under the FLSA through enterprise coverage, as HTCI was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, HTCI's business and Plaintiff's work for HTCI's benefit affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, HTCI, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

3

16. During his employment with Defendant, HTCI, Plaintiff worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to the following: ladders, tarps, tents, gas fumigants, cranes, protective gear, rope, plastic, tape, compressors, etc.

17. Defendant, HTCI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, HTCI's business an enterprise covered by the FLSA.

18. Upon information and belief, Defendant, HTCI, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

19. During all material times hereto, Plaintiff was a non-exempt employee of Defendants HTCI, and WEINBERG, within the meaning of the FLSA.

20. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of NCI; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

## PLAINTIFF'S WORK FOR DEFENDANTS

21. In or about 2005, Plaintiff, ARIAS, began working for Defendants as a non-exempt fumigator employee, and continued to do so until on or about October 13, 2020.

22. Plaintiff was economically dependent upon Defendants, HTCI and WEINBERG, for his work and as subject to the control of these Defendants during all pertinent time periods of employment.

23. During his employment, Plaintiff worked an average of about fifty-five (55) hours per week.

24. Defendants paid Plaintiff an average rate of about $23.63 per hour.

25. Defendants failed to pay Plaintiff at the federally mandated overtime rate of time-and-one-half his regular hourly rate for all hours worked in excess of forty (40) per week.

26. Instead, Defendants paid Plaintiff straight-time for all hours he worked per week.

27. Plaintiff therefore claims the halftime rate for all hours worked in excess of forty (40) per week during his employment with Defendants.

28. The wage violations committed by Defendants were willful and/or intentional, as Defendants knew of the overtime requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

29. Defendants, HTCI and WEINBERG, hired Plaintiff to work, controlled the hours worked and responsibilities and duties performed by Plaintiff, and are jointly and severally liable for the FLSA violations alleged herein.

30. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
(Against all Defendants)

31. Plaintiff re-alleges and re-avers Paragraphs 1 through 30 as though set forth fully herein.

32. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

33. For one or more weeks during the time period relevant to this lawsuit, Plaintiff worked in excess of forty (40) hours per week for which he was not properly compensated.

34. Plaintiff is entitled to recover statutorily prescribed federal overtime wages at a rate of time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

35. Defendants paid Plaintiff only straight-time for all hours worked per week, including overtime hours.

36. Plaintiff therefore claims the half-time rate for each hour worked in excess of forty (40) per week during his employment with Defendants.

37. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew or should have known of the FLSA's overtime requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

38. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PABLO ARIAS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, HAMMERHEAD TERMITE CONTROL, INC., ("HTCI"), and MARK WEINBERG ("WEINBERG"), and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, HAMMERHEAD TERMITE CONTROL, INC., ("HTCI"), and MARK WEINBERG ("WEINBERG"), jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, PABLO ARIAS, requests and demands a trial by jury on all appropriate claims.

**Dated this 15th day of December 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Pablo Arias*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 15, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**